UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **NOBLE SUI JURIS-BEY** *ex rel.* **James L. Lawrence,** | ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CAUSE NO. 1:13-cv-2011-WTL-MJD ) |
| **J. ENNIS FABRICS USA, INC.** | ) ) |
| **Defendant.** | ) |

## ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for summary judgment (dkt. no. 12). The Plaintiff has not filed a response to the motion, and the time for doing so has expired.[1] The Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue

---

[1] Plaintiff Noble Sui Juris-Bey is proceeding *pro se* in this case and was provided with the notice required by Local Rule 56-1(k). *See* dkt. no. 14.

may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

Because the Plaintiff failed to respond to the Defendant's motion for summary judgment, the facts asserted by the Defendant in its motion are deemed admitted by the Plaintiff to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id.* (citations omitted). Rather, the Defendant must still demonstrate that it is entitled to judgment as a matter of law. *See id.*

## II. BACKGROUND

In light of the fact that Mr. Juris-Bey did not respond to the Defendant's motion for summary judgment, the following properly supported facts of record asserted by the Defendant are taken as true for purposes of this ruling.

J. Ennis Fabrics USA, Inc. ("J. Ennis") is a wholesale supplier of fabric and other related products that operates out of a warehouse located in Indianapolis, Indiana. At times, J. Ennis contracts with an agency to employ temporary workers to assist at its Indianapolis warehouse.

Mr. Juris-Bey[2] worked as a temporary worker for J. Ennis from September 28, 2010, through January 21, 2011. He then became an employee of J. Ennis until his resignation on December 31, 2012.

---

[2] It appears to the Court that when Mr. Juris-Bey was employed by J. Ennis, his name was James Lawrence.

In his Complaint, Mr. Juris-Bey alleges that Tracy Morgan harassed him because he was male. He alleges that Ms. Morgan created a hostile work environment by hitting, cursing, yelling, and screaming at him, as well as throwing things at him and threatening to terminate his employment. Mr. Juris-Bey also alleges that Ms. Morgan harassed him due to his injury and treated him as if he had a disability. Mr. Juris-Bey spoke to an employee in the Human Resource department at J. Ennis, and a telephonic meeting was held to address Ms. Morgan's harassing behavior. Unfortunately, Mr. Juris-Bey alleges that Ms. Morgan continued to harass him, forcing him to quit his job.

Mr. Juris-Bey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which J. Ennis received on or about June 1, 2013. The EEOC charge alleged that Mr. Juris-Bey was discriminated against based on his sex and disability, and that J. Ennis retaliated against him. These actions allegedly began on July 3, 2012. Mr. Juris-Bey received his right to sue letter on or about September 26, 2013, and filed this suit against J. Ennis on December 19, 2013. He utilized the form Employment Discrimination Complaint, alleging violations of both Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("the ADA").

### III. DISCUSSION

J. Ennis argues that summary judgment should be granted in its favor because it is not considered an "employer" as defined by both Title VII and the ADA, and therefore, cannot be held liable under either statute. The definition of "employer" is the same for both Title VII and the ADA: "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. §

12111(5)(a) (the ADA). The Supreme Court has adopted the "payroll method" to determine the number of persons an employer employed. This approach simply looks at the number of employees that were on the employer's payroll during the relevant time frame, regardless of whether an employee actually worked on any given day. *See Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202, 212 (1997) ("[T]he ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question.").

The Court must determine, therefore, if J. Ennis employed at least fifteen employees during the years 2012, the "current" calendar year, or 2011, the "preceding calendar year." J. Ennis asserts that it did not and submitted evidence in support. *See, e.g.*, dkt. no. 13-1 (Declaration of James Ennis, Owner, stating "[T]here has never been a week in which at least 15 individuals were either employed by the Company (i.e., on its payroll) for at least one day or did work for it through a temporary agency for at least one day."); dkt. no. 13-2 (Declaration of Laurie Wright, Human Resources, stating "[T]here was never a week in which at least 15 individuals were either employed by the Company for at least one day or did work for it through a temporary agency for at least one day."); dkt. no. 13-8 (showing the same); dkt. no. 13-9 (showing the same). This evidence illustrates that at no time did J. Ennis employ at least fifteen employees—including temporary workers—during any given week during the years 2011 and 2012. At most, J. Ennis employed thirteen people; often, it employed less. Accordingly, J. Ennis is not an "employer" as defined by both Title VII and the ADA, and as such cannot be held liable under either statute. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief[.]"). Therefore, summary judgment is **GRANTED** in favor of J. Ennis.

Additionally, Mr. Juris-Bey filed a motion for joinder of parties pursuant to Federal Rule of Civil Procedure 20(a) (dkt. no. 8). In light of this Entry, that motion is **DENIED AS MOOT** as it would be futile to add any additional parties to this case.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Defendant's motion for summary judgment (dkt. no. 12) is **GRANTED** in its entirety. The Plaintiff's motion for joinder of parties (dkt. no. 8) is **DENIED AS MOOT**.

SO ORDERED: 06/17/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by US Mail to:**

**Noble Sui Juris-Bey**
**2533 Shriver Ave.**
**Indianapolis, IN 46208**

Copies to all counsel of record via electronic communication